UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-11128 GAO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ONE CARVED ELEPHANT IVORY TUSK
(*Loxodonta africana*),

Defendant.

Civil Action No. :

## VERIFIED COMPLAINT *IN REM* OF THE UNITED STATES

Plaintiff UNITED STATES OF AMERICA, by and through undersigned counsel, for its Complaint in the above captioned action, alleges upon information and belief as follows:

### PRELIMINARY STATEMENT

1. This is an action for forfeiture brought by the United States to forfeit and condemn to the use and benefit of the United States the defendant *in rem* pursuant to Section 11(e)(4)(A) of the Endangered Species Act of 1973 ("ESA"), 16 U.S.C. § 1540(e)(4)(A); Section 2204(e) of the African Elephant Conservation Act of 1988 ("AECA"), 16 U.S.C. § 4224(e); and Section 5(a)(1) of the Lacey Act Amendments of 1981 ("Lacey Act"), 16 U.S.C. § 3374(a)(1).

### JURISDICTION

2. This court has jurisdiction over this action under Section 11(c) of the ESA, 16 U.S.C. § 1540(c); Section 2204(e) of the AECA, 16 U.S.C. § 4224(e); Section 6(c) of the Lacey Act, 16 U.S.C. § 3375(c); and, 28 U.S.C. §§ 1345, 1355, and 1395(b). The defendant items were seized by the U.S. Fish and Wildlife Service, Office of Law Enforcement, Chelsea, Massachusetts, within this judicial district. The defendant items were placed, and remain, under the custody of

the U.S. Fish and Wildlife Service, Office of Law Enforcement.

## STATEMENT OF FACTS

3.    On or about January 6, 2004 and at all later times the importer, Peter Ikenna Okwesili, was a resident of and subject to the jurisdiction of the United States.

4.    On or about January 6, 2004, Peter Ikenna Okwesili, imported one carved elephant ivory tusk, *Loxodonta africana* into the United States at Logan International Airport, Boston, Massachusetts. This item, the defendant wildlife product, was subject to regulation under the ESA, AECA and the Lacey Act.

5.    Mr. Okwesili failed to declare to the U.S. Customs and Border Protection (hereinafter "C&BP") that he was bringing a wildlife product into the United States. The tusk was discovered during a secondary search of his baggage by C&BP technicians.

6.    A wildlife inspector from the United States Fish and Wildlife Service ("the Service") arrived to inspect the tusk at the request of C&BP. Again, Mr. Okwesili failed to declare his wildlife import, this time as required to the Service, or to submit any of the documentation required for an importation of protected species of wildlife. See attached Verification of Wildlife Inspector Karen M. Ficorilli.

7.    After confirming that the tusk was derived from elephant, the Service seized the tusk, which remains in its custody as the defendant *in rem*, at the Service's Law Enforcement office in Chelsea, Massachusetts. Id.

## COUNT I

### ESA Violation

8.  The African elephant, *Loxodonta africana* is a threatened species under the Endangered Species Act, 16 U.S.C. §§ 1532(20), 1533, and is so listed in 50 C.F.R. § 17.11; 43 Fed. Reg. 20504 (May 12, 1978)

9.  It is unlawful to import any threatened species except in conformance with a special rule promulgated for that species. 16 U.S.C. § 1538(a)(1)(G); 50 C.F.R. § 17.31.

10. The special rule for African elephant provides that the import of this species is prohibited, except in very limited circumstances and with proper documentation 50 C.F.R. § 17.40(e)(2).

11. Because the carved elephant ivory tusk was from African elephant, and at the time of entry Mr. Okwesili provided no documentation demonstrating its qualification for exception, the defendant item was imported in violation of the Endangered Species Act. 16 U.S.C. § 1538(a)(1)(A) or 1538(a)(1)(G).

12. As a result of the foregoing, pursuant to 16 U.S.C. § 1540(e)(4)(A), the defendant carved elephant ivory tusk is subject to forfeiture and condemnation to the United States of America.

## COUNT II

### CITES Appendix I Violation

13. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 12 above.

14. The Endangered Species Act provides that it is unlawful to engage in trade or to possess wildlife specimens traded contrary to the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES). 16 U.S.C. §§ 1532(4), 1538(c)(1). CITES defines trade to include an import. CITES Art. I(c).

15. If a species is listed in Appendix I of CITES, a United States import permit and a valid foreign export permit issued by the country of origin must be obtained prior to importation into the United States. CITES Art. III.3; 50 C.F.R. § 23.12(a)(1)(I). These permits must be presented to the Service upon inspection of the specimen for clearance into the United States at entry. 50 C.F.R. §§ 14.52(c)(2), 23.14, 23.15(e)(1). That presentation requirement applies to fish or wildlife products, including the defendant carved elephant ivory tusk. 50 C.F.R. § 10.12.

16. In accordance with the provisions of CITES, African elephant has been and is now listed on CITES Appendix I. 50 C.F.R. § 23.23.

17. No CITES Appendix I import or export permits were presented upon importation of the defendant carved elephant ivory tusk.

18. Because the required Appendix I permits were not presented, the defendant carved elephant ivory tusk was imported and possessed contrary to the provisions of CITES, and thus in violation of the Endangered Species Act. 16 U.S.C. § 1538(c)(1); 50 C.F.R. § 23.11(b).

19. As a result of the foregoing, pursuant to 16 U.S.C. § 1540(e)(4)(A), the defendant carved elephant ivory tusk is subject to forfeiture and condemnation to the United States of America.

## COUNT III

### AECA violation

20. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 19 above.

21. The importation of ivory of African elephant from a country for which a moratorium is in effect is prohibited by the African Elephant Conservation Act. 16 U.S.C. § 4223(5).

22. A moratorium has been duly promulgated and in effect on importation of ivory of African

elephant from all countries since June 9, 1989. 54 Fed. Reg. 24758, 24761 (June 9, 1989).

23. Because it was imported from a country for which a moratorium was in effect, the defendant carved ivory tusk of African elephant was in violation of the African Elephant Conservation Act. 16 U.S.C. § 4223(5).

24. As a result of the foregoing, pursuant to 16 U.S.C. §§ 1540(e)(4)(A), 4224(e), the defendant carved elephant ivory tusk is subject to forfeiture and condemnation to the United States of America.

## COUNT IV

### Lacey Act Violation

25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 above.

26. Nigeria Decree No. 11, entitled Endangered Species (Control of International Trade and Traffic), is a valid foreign law enacted by the nation of Nigeria on April 20, 1985 and continuing in effect.

27. Paragraph 1 of Nigeria Decree No. 11 prohibits all trade in the species listed in Schedule 1. Paragraph 2 prohibits any trade without an export permit in the species listed in Schedule 2. *Loxodonta africana* are listed either in Schedule 1 or 2, depending on age class. Therefore, Nigeria Decree No. 11 prohibited the export of the defendant wildlife products either completely or in the absence of an export permit.

28. The Lacey Act provides that it is unlawful for any person to import into the United States any wildlife that has been transported in violation of any foreign law. 16 U.S.C. § 3372(a)(2)(A).

29. On or about January 6, 2004, Peter Ikenna Okwesili, transported the defendant wildlife

product of *Loxodonta africana*, out of Nigeria in violation of Nigeria Decree No. 11 and imported it into the United States in violation of the Lacey Act. 16 U.S.C. § 3372(a)(2)(A).

30. As a result of the foregoing, pursuant to 16 U.S.C. § 3374(a)(1), the defendant carved elephant ivory tusk is subject to forfeiture and condemnation to the United States of America.

## COUNT V

### Wildlife Declaration Violation

31. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 above.

32. The Endangered Species Act requires that any person importing wildlife file the wildlife declaration required by the Service. 16 U.S.C. § 1538(e). The declaration, called a Form 3-177, must be filed with the Service upon the importation of any wildlife. 50 C.F.R. § 14.61. This declaration requirement applies to any part or product made from fish or wildlife. 50 C.F.R. § 10.12.

33. No wildlife declaration was filed upon the importation of the defendant carved elephant ivory tusk.

34. Because it was imported without the required wildlife declaration, the defendant carved elephant ivory tusk was imported in violation of the ESA. 16 U.S.C. § 1538(e).

35. As a result of the foregoing, pursuant to 16 U.S.C. § 1540(e)(4)(A), the defendant wildlife product is subject to forfeiture and condemnation to the United States of America.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that a warrant of this court be issued for the arrest of the defendant *in rem*, that due notice of these proceedings be given to all interested persons, that the defendant *in rem* be forfeited and condemned to the United States of America for disposition by the Service according to law; and that the plaintiff be awarded its costs and disbursements in this action and such other relief as this Court deems appropriate.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney

By: _____ 5/28/04
Anton P. Giedt
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3971 (Fax)
anton.giedt@usdoj.gov

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                           Boston, Massachusetts
                                                       DATE: 5/28/04

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Claimant of record by First Class Mail.

_____
Anton P. Giedt
Assistant U.S. Attorney

| CLAIMANT: | AGENCY COUNSEL: | US/ FWS ENFORCEMENT: |
|---|---|---|
| Dr. Peter I. Okwesili | David Rothstein | Karen M. Ficorilli |
| 29 Hillview Ave | U.S. Dept of the Interior | Wildlife Inspector |
| Roslindale, MA 02131 | Office of the Solicitor | US/ FWS Wildlife Enforcement |
|  | One Gateway Center-Suite 612 | 70 Everett Ave |
|  | Newton, MA 02458-2802 | Chelsea, MA 02150 |
|  | 617-527-2068 (Voice) | 617-889-6616 (Voice) |
|  | 617-527-6848 (Fax) | 617-889-1980 (Fax) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE CARVED ELEPHANT IVORY TUSK (*Loxodonta africana*), <br><br> Defendant. | Civil Action No. |

## VERIFICATION

I, Karen M. Ficorilli, being duly sworn, deposes and says:

I am a Wildlife Inspector with the United States Department of the Interior, Fish and Wildlife Service, Office of Law Enforcement, in the District of Massachusetts. I am the case agent assigned to the forfeiture case against one carved elephant ivory tusk on behalf of the United States of America. The facts alleged in the Complaint For Forfeiture are true and correct to the best of my knowledge and belief based upon my own observations and upon information furnished to me in the course of my duties by the officials of the United States Fish and Wildlife Service and the United States Department of Justice.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/28, 2004

_Karen M. Ficorilli_
Karen M. Ficorilli
Wildlife Inspector
U.S. Fish and Wildlife Service

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE CARVED ELEPHANT IVORY TUSK<br>(Loxodonta africana),<br><br>Defendant. | Civil Action No. |

## WARRANT AND MONITION

TO:   WILDLIFE INSPECTOR KAREN M. FICORILLI, OR ANY OFFICER OF THE
      UNITED STATES FISH AND WILDLIFE SERVICE, CHELSEA, MASSACHUSETTS

We Command You that you give notice to all persons concerned that a Verified Complaint for Forfeiture *in rem* (the "Complaint"), a copy of which is attached hereto, has been filed by the United States of America against the Defendant Property, consisting of one carved elephant ivory tusk, seized by the United States Fish and Wildlife Service, Office of Law Enforcement, from Peter Ikenna Okwesili on or about January 6, 2004, in Boston, Massachusetts. The Defendant Property is currently in the custody of the United States Fish and Wildlife Service, Chelsea, Massachusetts.

This Court has found probable cause for forfeiture of the Defendant Property. Accordingly, you are to serve, and give notice of, the Complaint by:

(1)  Publishing notice of the United States' intent to forfeit the Defendant Property at least once for three successive weeks in the USA Today or any other newspaper having a general circulation in this district; and

(2)  Mailing a copy of this Warrant and Monition, together with a copy of the Complaint to:

Dr. Peter I. Okwesili
29 Hillview Ave
Roslindale, MA 02131

by certified or registered mail, postage prepaid and return receipt requested, or by serving such copies on the listed parties by hand.

You Are Further Commanded to arrest, attach, inspect and retain the Defendant Property in your custody until further order of this Court.

You Are Further Commanded to give due notice by appropriate service of process, as provided herein, to all persons who claim an interest in the Defendant Property, or assert that the Defendant Property should not be condemned and disposed of pursuant to the prayer of the Complaint. Upon execution of this process, you are directed further to file the execution in this Court with your return thereon.

ALL CLAIMS TO THE DEFENDANT PROPERTY MUST BE FILED WITH THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS AND SERVED UPON THE UNITED STATES ATTORNEY'S OFFICE, ASSET FORFEITURE UNIT, 1 COURTHOUSE WAY, SUITE 9200, BOSTON, MASSACHUSETTS 02210, WITHIN THIRTY (30) DAYS AFTER PROCESS HAS BEEN EXECUTED OR WITHIN SUCH ADDITIONAL TIME AS MAY BE ALLOWED BY THIS COURT. ALL ANSWERS TO THE COMPLAINT MUST BE FILED WITH THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS AND SERVED UPON THE UNITED STATES

ATTORNEY'S OFFICE, ASSET FORFEITURE UNIT, 1 COURTHOUSE WAY, SUITE 9200, BOSTON, MASSACHUSETTS 02210, WITHIN TWENTY (20) DAYS AFTER THE FILING OF THE CLAIM. CLAIMS MUST BE FILED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE, SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS. THE PROCEDURES FOR FILING A PETITION FOR REMISSION OR MITIGATION ARE SET FORTH IN 28 C.F.R. PART 9. IN ADDITION TO THE PROCEDURES MANDATED BY THOSE REGULATIONS, A COPY OF ANY PETITION FOR REMISSION OR MITIGATION SHOULD BE FILED WITH THE SEIZING AGENCY, WHICH IS THE UNITED STATES FISH AND WILDLIFE SERVICE, 70 EVERETT AVENUE, SUITE 315, CHELSEA, MASSACHUSETTS 02150.

                          U.S. District Court
                          Tony Anastas, Clerk


By: _____
     Deputy Clerk
     Date:

APPROVED AND SO ORDERED:

_____
United States District Judge
Date:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __United States of America v. One Carved Elephant Ivory Tusk__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   _X_ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

   FILED IN CLERKS OFFICE
   2004 MAY 28 P 12:44
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

   04-11128

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the u.s.a. or an officer, agent or employee of the u.s. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 usc §2284?
   YES ☐    NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the commonwealth of massachusetts ("governmental agencies"), residing in massachusetts reside in the same division? - (See local rule 40.1(d)).
   N/A    YES ☐    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   N/A    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Anton P. Giedt, Assistant U.S. Attorney__
ADDRESS __United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA   02210__
TELEPHONE NO. __(617) 748-3309__

(Cover sheet local.wpd  - 09/12/02)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
One Carved Elephant Ivory Tusk

FILED IN CLERKS OFFICE
2004 MAY 28 P 12: 44
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anton P. Giedt, Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA  02210    (617) 748-3309

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine | ☒ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | ☐ 871 IRS – Third Party 26 USC 7609 |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
United States intends to forfeit the Defendant Elephant Ivory Tusk pursuant to 16 U.S.C. § 1540(e)(4)(A) and 16 U.S.C. § 3374(a)(1).

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  5-28-04
SIGNATURE OF ATTORNEY OF RECORD  /s/ Anton P. Giedt

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____